IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY GOOD & ASSOCIATES, INC., D/B/A P.I. MIDWEST, A NEBRASKA CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAMS AND COMPANY CONSULTING, INC., AN IOWA CORPORATION<br><br>Defendant. | NO. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

TO THE DOUGLAS COUNTY DISTRICT COURT CLERK AND PLAINTIFF LARRY GOOD & ASSOCATES, INC., D/B/A MIDWEST, A NEBRASKA CORPORATION, AND DAVID E. PAVEL, ITS ATTORNEY:

COMES NOW Defendant, Williams and Company Consulting, Inc., an Iowa corporation, and respectfully notify the Court as follows:

1.      The Plaintiff is a corporation organized under the laws of the State of Nebraska with its principal place of business in Omaha, Douglas County, Nebraska.

2.      Defendant is an Iowa corporation organized under the laws of the State of Iowa with its principal place of business in Sioux City, Iowa.

3.      The matter is controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

KLASS LAW FIRM,
L.L.P.

4. There is diversity of citizenship between Plaintiff and Defendants and that this Court has jurisdiction of the claim by reason of diversity of citizenship pursuant to 28 U.S.C.A. sec. 1332 and subject matter jurisdiction over Count III - Plaintiff's RICO claim, pursuant to 18 U.S.C. sec. 1961.

5. That attached and filed with this Notice are copies of an Summons (Exhibit A), Complaint (Exhibit B), service of said pleadings having been made personally on Defendant Williams and Company Consulting by regular mail on or about February 21, 2006; that said pleadings constitute the only process, pleadings and order served upon this Defendant in this matter.

6. That Defendants desire to remove this action from the Douglas County District Court, Douglas County, Nebraska, and that all further matters herein proceed in the United States District Court for the District of Nebraska , and that this Notice is brought to the Clerk pursuant to 28 U.S.C.A. sec. 1446.

WHEREFORE Defendant prays that this Notice be filed and that all further proceedings herein be had as provided by the laws of the United States.

Respectfully submitted,

*[signature]*

Timothy A. Clausen   # 19680
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
P. O. Box 327
Sioux City, IA  51102
712/252-1866
712/252-5822 fax
clausen@klasslaw.com

ATTORNEYS FOR DEFENDANT
WILLIAMS & COMPANY CONSULTING, INC.

Copy to:

David E. Pavel
1190 Omaha Tower
2120 So. 72nd Street
Omaha, NE  68124

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on __3/22__, 2006
By: __X__ U.S. Mail           ____ facsimile
    ____ Hand delivered       ____ Overnight courier
    ____ Other _____        ____ ECF

Signature *[signature]*

IN THE DISTRICT COURT, DOUGLAS COUNTY, NEBRASKA

Larry Good & Associates, Inc., d/b/a
P.I. Midwest, a Nebraska Corporation

vs.

Williams and Company Consulting, Inc.,
An Iowa Corporation and Does 1-20

| SUMMONS BY CERTIFIED MAIL | DOC. 1058 NO. 529 |
|---|---|

STATE OF NEBRASKA )
COUNTY OF DOUGLAS )

This is to notify Williams and Company Consulting, Inc.,
An Iowa Corporation

(impleaded with others)

Defendant that you have been sued by Larry Good & Associates, Inc.,
d/b/a P.I. Midwest, a Nebraska
Corporation

Plaintiff in the District Court of said County, and that in order to
defend the lawsuit you must file an appropriate written response on or
before thirty days after service of Summons and Complaint in answer to
the Complaint said Plaintiff filed against you in the Office of the
Clerk of said Court or such Complaint will be taken as true and
judgment entered accordingly for the relief demanded in the attached
Complaint.

RETURN of this Summons is due within ten days after return of the
signed receipt.

WITNESS my signature and the Seal of said Court at Omaha and
issued this 15th day of February, 2006.

RUDY J. TESAR, CLERK

BY: _____
        Deputy

ATTORNEY FOR PLAINTIFF:
NAME:       David E. Pavel
ADDRESS:    1190 Omaha Tower
            2120 South 72nd Street
            Omaha, Nebraska 68124
PHONE:      (402) 895-7779

EXHIBIT A

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

LARRY GOOD & ASSOCIATES, INC., )
d/b/a P.I. MIIDWEST )   DOC: NO:
a Nebraska Corporation, )
)
Plaintiff, )
) **COMPLAINT**
vs. )
)
WILLIAMS AND COMPANY CONSULTING, )
INC., an Iowa Corporation and Does 1-20, )
)
)
Defendants. )

### GENERAL ALLEGATIONS

COMES NOW the undersigned, Larry Good & Associates, Inc. d/b/a P.I. Midwest (hereinafter referred to as "Plaintiff,", P.I. Midwest or Praendex Midwest) and for its causes of action against the Defendants, and each of them, alleges and states as follows:

1. Plaintiff is a corporation organized in the State of Nebraska, with its principal place of business in Omaha, Douglas County, Nebraska.

2. Defendant Williams and Company Consulting, Inc., (hereinafter referred to as "Williams Consulting") is an Iowa corporation, but does business in the State of Nebraska.

3. Plaintiff at this time is ignorant of the true names and capacities of Defendants sued herein as Does 1-20, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore


EXHIBIT B

alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and were affiliated with Williams Consulting and/or its predecessor, Williams & Company, and that Plaintiff's damages were proximately caused by their conduct.

4. The Court has jurisdiction over this action. Venue of this action is properly in this Court pursuant to the provisions of Neb. Rev. Stat. §25-403.01

5. Plaintiff is a duly authorized licensee of a management training system known as the "Predictive Index System". The developer and owner of the Predictive Index is Praendex, Inc., and only Praendex, Inc., can grant, establish, sell or license the use of the Predictive Index System. Plaintiff has acquired a license to use such system and to sell and implement the Predictive Index in the states of Nebraska, Iowa, North Dakota, South Dakota, Oklahoma, Colorado, parts of Missouri and Kansas (primarily the metropolitan Kansas City area of said states) along with other areas if requested by its clients. In acquiring this license, Plaintiff has paid licensing fees and pays ongoing royalty fees for its continuing use of the Predictive Index System to Praendex, Inc.

6. As a duly authorized licensee of the Predictive Index System, Plaintiff has the right to enter into Client Agreements, and to provide such System and the various courses, forms, software, materials, workshops, seminars, reviews, studies, guidance and consultation ancillary to the use of such System.

7. On or about November 12, 1986, Williams and Co., a predecessor in interest to Williams Consulting, entered into a "Client Agreement" with Plaintiff's predecessor, Praendex Midwest, a copy of which Client Agreement is attached hereto, marked Exhibit A, and by this reference made a part hereof. Such contract was entered

2

into and accepted by Praendex Midwest in Omaha, Douglas County, Nebraska and many of these services provided by Plaintiff for Defendant and its predecessor were performed in Omaha, Douglas County, Nebraska. Williams Consulting, after its incorporation in 1991, succeeded to all rights, title, interest and responsibilities of Williams and Company under the Client Agreement, and operated under and was bound by the terms of such Client Agreement.

8. Pursuant to the provisions of said Client Agreement, P.I. Midwest, being an authorized, licensed associate for the Predictive Index System and for Praendex Inc., the owner of the said program, has provided the Predictive Index System to Williams Consulting pursuant to said Client Agreement from Williams Consulting's inception on a continuing basis through April 30, 2004. During such time period, P.I. Midwest fulfilled all of its responsibilities to Williams Consulting under the term of said Client Agreement.

9. As provided in the provisions of said Client Agreement, all materials furnished by P.I. Midwest and Praendex, Inc. under the Predictive Index System are copyrighted, with all rights reserved, and are furnished for the exclusive use of P.I. Midwest and Praendex Inc. clients. Further, per said agreement, Williams Consulting could only use the Predictive Index System with their own employees. Said Defendant could not utilize or make available the Predictive Index System, or any part thereof, to its clients who had not entered into a Client Agreement with an authorized Predictive Index licensee ("non-Predictive Index Clients"). Any use of such Predictive Index System by Defendant for the benefit of its non-Predictive Index Clients, or Defendant's reproduction in whole or in part of any form, document, software or materials of such

3

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

System is prohibited, except when written permission is obtained from the copyright owner, Praendex Inc. Such permission was never secured by Defendant.

10. On or about September 15, 1988, Praendex Midwest and Praendex Inc. became aware that Williams & Company, Defendant's predecessor in interest, may have been misusing the Predictive Index System by providing such system to non-Predictive Index Clients. To clarify matters, Dinah Daniels, president of Praendex Inc. sent correspondence dated September 15, 1988, to Kenneth N. Viggers of Williams & Company, specifying that Williams & Company must not sell or provide the Predictive Index System to Williams & Company's clients, who were non-Predictive Index Clients, but must use it only in accordance with the terms of the Client Agreement, a copy of such correspondence being attached hereto, marked Exhibit B, and by this reference made a part hereof.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

11. Plaintiff incorporates the General Allegations of paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff discovered, on or after April 30, 2004, after Williams Consulting, evidenced its desire to terminate the Client Agreement with Plaintiff, that for years prior to that date, said Defendant had offered and furnished to its own non- Predictive Index clients, the unauthorized use of the Predictive Index System without the knowledge or permission of either Plaintiff or Praendex Inc.; had converted portions of the Predictive Index System for use and resale to its own non-Predictive Index Clients; had charged such non-Predictive Index Clients for such unauthorized use of the Predictive Index

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

System; and had converted and utilized the Predictive Index System furnished through the Plaintiff as its own and/or as a duly licensed and authorized licensee of the Predictive Index System. All such activities by Williams Consulting on behalf of its clients were unlawful, in contravention of and in direct violation of the terms of the Client Agreement, User Agreement(s) and Analyst Agreement(s) executed on behalf of the Defendant and/or its agents or employees with Plaintiff.

13. That Williams and Company's unauthorized use of the Predictive Index System for the use and benefit of themselves by making same available to their non-Predictive Index Clients and charges for such use, constituted a breach of contract with regard to the Client Agreement, User and Analyst Agreement(s) between Plaintiff, Williams and Company and their employees and/or agents as set forth heretofore.

14. Further, during the period of Williams and Company's aforesaid unauthorized use of the Predictive Index System, such Defendant misused and misrepresented such System and severely undercut the pricing of the System, thereby undermining and damaging the System itself and Plaintiff's ability to market and sell the System, in further breach of Williams and Company's agreements with Plaintiff.

15. Williams and Company, due to its unauthorized use of the System and its misuse of and misrepresentation of the Predictive Index System continues to interfere with plaintiff's ability to sell the Predictive Index System to its potential customer base thereby causing Plaintiff a continuing loss of business as a result of Defendant' utilization and unauthorized selling of the Predictive Index System to its non-Predictive Index Clients resulting in a continuing interference with Plaintiff's ability to sell and

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

market the System to its potential customer base, all in further breach of Defendant's contract with Plaintiff.

## SECOND CAUSE OF ACTION

### CONVERSION

16. Plaintiff hereby incorporates the General Allegations of paragraphs 1 through 10 and paragraphs 11 through 15 of its First Cause of Action as previously set forth herein

17. Some time prior to April 30, 2004, Defendant devised a scheme and artifice to deprive Plaintiff of its property, that is Plaintiffs' licensed right to the sale and service of the Predictive Index System, by the unauthorized conversion of such System to its own use, for money, such conversion including the utilization of the materials provided by the Plaintiff to Defendant regarding use of the Predictive Index System beyond the internal use of its own employees. Such conversion of Plaintiff's licensed rights to and unauthorized use of the Predictive Index System by Defendant, represented a taking of and conversion of Plaintiff's property rights as a duly authorized licensee of the Predictive Index System; enabled Defendant to gain control over potential customers of Plaintiff for use of such System; undermined and damaged the market for the Predictive Index System by Plaintiff; all of which resulted in lost business and profits to Plaintiff.

18. That Plaintiff has been damaged by such conversion of its licensee property rights to the Predictive Index System, by Defendant in an amount to be determined at trial.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## THIRD CAUSE OF ACTION

## RACKETEER INFLUENCED AND CORRECT ORGANIZATIONS ACT (RICO)

19. Plaintiff hereby incorporates the General Allegations in paragraphs 1 through 10; paragraphs 11 through 15 in its First Cause of Action; and paragraphs 16 through 18 of its Second Cause of Action, as if fully set forth herein:

20. The Defendant is an "Enterprise" as that term is defined in 18 U.S.C. §1961 and is engaged in activities that affect interstate commerce. Such activities in and affecting interstate commerce include, among other things, the sales and furnishing of accounting and consulting services using the U.S. Mail and other interstate communication devices to effectuate such services.

21. Defendant, for the purpose of executing and effectuating the scheme and artifice to convert and defraud Plaintiff of its licensed property right to the Predictive Index System, used and caused to be used the mails of the United States and/or otherwise engaged in interstate commerce activities with regard to such System, including, without limitation, the following:

   A. The mailing and/or transmitting of monthly statements of account from Defendant to various clients in other jurisdictions for the purpose of obtaining money for the unauthorized use of the Predictive Index System.

   B. The mailing and/or transmittal by other means in interstate commerce documents, software and materials and/or advised and counseled clients with regard to the use of the System by Defendant to its non-Predictive Index Clients.

7

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

C. Agents and authorized representatives of Defendant traveled in interstate commerce to various non-Predictive Index Clients in various jurisdictions to sell and/or counsel such clients in the use of the Predictive Index System, all in furtherance of taking, converting and defrauding the Plaintiff of its property right to the Predictive Index System.

D. By communicating by telephone or other electronic transmissions, across state lines, with its various non-Predictive Index Clients with regard to the utilization of the Predictive Index System all in contravention of its Agreement with Plaintiff.

22. That the unauthorized use of the Predictive Index System by Defendant occurred on more than one occasion in the past 10 years, by the transmission through interstate communication by wire, telephone, other electronic means or travel to effectuate the scheme to deprive Plaintiff of its licensed property right to the Predictive Index System, all of which constitutes, for the purpose of this complaint, a pattern of racketeering activity in violation of 18 U.S.C. §1962, for treble damages to the Plaintiff, and for its costs of suit and attorneys' fees under 18 U.S.C. §1964 (c).

## FOURTH CAUSE OF ACTION

## FOR AN ACCOUNTING

23. Plaintiffs hereby incorporate by reference paragraphs 1 through 10 of General Allegations; paragraphs 11 through 15 of its First Cause of Action, paragraphs 16 through 18 of its Second Cause of Action, and paragraphs 19 through 22 of its Third Cause of Action; as previously set forth herein.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

24. The Plaintiff, at this time, does not know and cannot ascertain, without adequate discovery, the full amount owed by the Defendant to the Plaintiff herein, or the extent of Defendant's breach of contract and/or conversion to its own use of Plaintiff's licensed right to the Predictive Index System as set forth heretofore, without an accounting being made by Defendant of all such transactions conducted by the Defendant with regard to the unauthorized use of the Predictive Index System to its non-authorized Predictive Index clients. The Plaintiff is entitled to a full accounting of the names, addresses and period of time the Defendant's non-Predictive Index clients used the Predictive Index System; the income received by Defendant for such use; and for a complete accounting and disclosure to be had of such non-Predictive Index Clients of Defendant and their unauthorized use of the Predictive Index System.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A) For an accounting to determine the nature and extent by Defendant of their unauthorized use of the Preventive Index System with regard to its non-Predictive Index Clients.

B) For a judgment for damages against Defendant to be rendered in favor of the Plaintiff in an amount to be determined at trial for the loss of its potential customer base and lost business it incurred and shall incur as a result of the breach of contract and conversion by Defendant of Plaintiff's licensed right to the Predictive Index System.

C) For treble damages and/or attorneys' fees under 18 U.S.C. §1964 (c) against Defendant, and for Plaintiff's costs and such other damages as the court may deem just under the circumstances.

Dated this _15_ day of _February_, 2006.

9

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

By:    LARRY GOOD & ASSOCIATES, INC.,
d/b/a P.I. MIDWEST

*[signature]*

David E. Pavel, #13238
David E. Pavel Law Office, P.C.
1190 Omaha Tower
2120 So. 72nd Street
Omaha, Nebraska 68124
(402) 895-7779
(402 392-0099) Fax

10

# THE PREDICTIVE INDEX PROGRAM
## CLIENT AGREEMENT

**Praendex Midwest**
P.O. Box 37158
Omaha, NE 68137
(402) 493-7905



Dated: __November 12, 1986__

This Agreement grants the right to the use of the Predictive Index Program to the Client, __Williams & Co.__ for one year commencing with the attendance of Client Company (Firm) participants in the Management Seminar starting. __Nov. 10, 1986__. (The fee for that Management Seminar will be due and payable to Praendex Midwest on __Nov. 12, 1986__.) The Client Company is entitled to use the Program in areas, divisions, or subsidiary companies with a combined maximum of __100__ employees. Divisions or subsidiary companies included within the terms of this Agreement are __N/A__

Should the Client extend the use of the Program beyond the above mentioned maximum, divisions, or subsidiaries, then a new Agreement covering the revised terms shall be completed.

The Annual Service Fee for the provision of all Predictive Index Forms, all review, guidance and consultations (exclusive of the Management Seminar) in support of the client's implementation of the Predictive Index Program, including validity studies, is __$ 2400.00__ due and payable to Praendex Midwest, on __November 12, 1986__. This Agreement shall be renewed only at the option of the Client, the Annual Fee to be according to Praendex Midwest's current fee schedule as of the renewal date. __November 12, Annually.__

In the event of termination of this Agreement, all unused Predictive Index Forms, all Predictive Index Personnel Appraisal Scoring Screens and all Predictive Index Seminar Notebooks which have been furnished to the Client Company, are to be returned to Praendex Midwest within ten days of notification of termination. In the event of the Client's continued use of the Predictive Index after notification of termination, or after the renewal date, this Agreement shall be deemed to be in full force and effect.

All materials furnished by Praendex Midwest and Praendex Incorporated, are copyrighted, with all rights reserved, and are furnished for the exclusive use of our clients. Their use by others, or their reproduction in whole or in part, in any form whatsoever, is prohibited, except when written permission is obtained from the copyright owner.

The Client also agrees that the Predictive Index is to be used only by employees of the Client Company who have been enrolled in the Predictive Index Management Seminar conducted by Praendex Midwest, and only in the regular course of business of the Client Company.

_Gary W. Walstrom_
For Praendex Midwest

_[signature]_
For the Client Company
__David L. Hansen, Human Resources Mgr.__
Name of Company
__Williams & Co.__
Address
__814 Pierce St.__
__Sioux City, IA  51102__

All Client Agreements are subject to approval by Praendex Incorporated, Wellesley Hills, Massachusetts. The Predictive Index Program, and all forms and other printed materials related to and used in it, are copyrighted publications of Praendex Incorporated. 40 Washington Street, Wellesley Hills, MA 02181, U.S.A.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

# PRÆNDEX

Praendex Incorporated

September 15, 1988

Mr. Kenneth N. Viggers
Williams & Company
814 Pierce Street
Sioux City, IA. 51102

Dear Mr. Viggers:

As you are aware, your Predictive Index Client Agreement states very clearly the authorized use of the Program. Providing P.I. testing, readbacks and/or service to non P.I. clients is strictly forbidden, and will result in termination of your right to use The Predictive Index. Correct in-house use of P.I. is paramount to its effectiveness as a valuable information/management system.

I understand your explanation of the service you provided to Mr. Bauer, but I want to reiterate that you must not provide The Predictive Index System to your own clients, and must use it only in accordance with the terms of your Client Agreement. Please read your Agreement (again). If you have any questions about the authorized use within Williams & Company, feel free to contact either me or Gary Walstrom.

Yours sincerely,

Dinah Daniels
President

DD/acm

cc: Gary Walstrom

40 Washington Street, Wellesley Hills, Massachusetts 02181 USA (617) 235-8872 FAX (617) 235-0959 TELEX 940757