IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY GOOD & ASSOCIATES, INC., D/B/A P.I. MIDEWEST, A NEBRASKA CORPORATION,<br><br>Plaintiff,<br>vs.<br><br>WILLIAMS AND COMPANY CONSULTING, INC., AN IOWA CORPORATION<br><br>Defendant. | NO. 8:06-cv-280<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT III (RICO CLAIM)** |

## I.   INTRODUCTION

Plaintiff is a Nebraska Corporation and a licensee of a management training system known as "Predictive Index System". Complaint para. 5. Plaintiff entered into a "Client Agreement" with Williams & Company allowing for the latter's use of the management training system. Plaintiff is alleging that Defendant is a successor in interest to Williams & Company and that Defendant breached the "Client Agreement" by making it available to non-Predictive Index clients. Plaintiff further contends that Defendant wrongfully converted the property to its own use. See Complaint Count II. In addition to asking for an accounting, Plaintiff contends that Defendant is an "Enterprise" as defined in 18 U.S.C. sec. 1961 and is guilty of a pattern of racketeering activity in violation of 18 U.S.C. sec. 1962. See Complaint Count III. It is the latter Count to which this Motion is addressed.

KLASS LAW FIRM, L.L.P.

## II. THE APPLICABLE LEGAL STANDARDS.

Since this is a Rule 12(b)(6) motion, the well-pleaded facts of the complaint should be accepted as true. However, conclusions of law are not admitted. *Hiland Dairy, Inc. v. KrogerCo.*, 402 F.2d 968, 973 (8th Cir. 1968), cert. denied, 394 U.S. 961 (1969). Suffice it to say that Defendant vigorously disputes many of the allegations in the Complaint, but, at this point, even accepting those factual allegations, they are insufficient to support the RICO theory against the Defendant.

## III. THE RICO CLAIM (COUNT III) IS DEFECTIVE FOR SEVERAL REASONS AND SHOULD BE DISMISSED.

### A. RICO in general.

Plaintiff has alleged a RICO violation against the Defendant under 18 U.S.C. section 1962 without specifying a subsection thereof. Plaintiff makes the conclusory statement that Defendant is an "Enterprise" as defined in section 1961 without providing any specific factual allegations to support that assertion. See Complaint para. 20. Plaintiff further alleges in paragraph 21:

> "Defendant, for the purpose of executing and effectuating the scheme and artifice to convert and defraud Plaintiff of its licensed property right to the Predictive Index System, used and caused to be used the mails of the United States and/or otherwise engaged in interstate commerce activities with regard to such System, including, without limitation, the following:

A. The mailing and/or transmitting of monthly statements of account from Defendant to various clients in other jurisdictions for the purpose of obtaining money for the unauthorized use of the Predictive Index System.

B. The mailing and/or transmittal by other means in interstate commerce documents, software and materials and/or advised and counseled clients with regard to the use of the System by Defendant to its non-Predictive Index Clients.

C. Agents and authorized representatives of Defendant traveled in interstate commerce to various non-Predictive Index Clients in various jurisdictions to sell and/or counsel such clients in the use of the Predictive Index System, all in furtherance of taking, converting and defrauding the Plaintiff of its property right to the Predictive Index System.

D. By communicating by telephone or other electronic transmissions, across state lines, with its various non-Predictive Index Clients with regard to the utilization of the Predictive Index System all in contravention of its Agreement with Plaintiff.

"RICO renders criminally and civilly liable 'any person' who uses or invests income derived 'from a pattern of racketeering activity' to acquire an interest in or to operate an enterprise engaged in interstate commerce, § 1962(a); who acquires or maintains an interest in or control of such an enterprise 'through a pattern of racketeering activity,' § 1962(b); who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs 'through a pattern of racketeering activity,' § 1962(c), or, finally, who conspires to violate the first three subsections of 1962. § 1962(d).". *H.J. Inc. v.*

*Northwestern Bell Telephone Co.*, 492 U.S. 229, 232-33, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) Common to Sections 1962(b)-(d) are the concepts of a "pattern of racketeering activity" and the existence of an "enterprise." See, e.g., *In re Sac & Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 767 (8th Cir. 2003) ("To state a claim under § 1962(c), a plaintiff must establish: (1) the existence of an enterprise; (2) conduct by the defendants in association with the enterprise; (3) the defendants' participation in at least two predicate acts of racketeering; and (4) conduct that constitutes a pattern of racketeering activity."); *Information Exchange Sys., Inc. v. First Bank Nat'l Ass'n*, 994 F.2d 478 (8th Cir. 1993) (affirming the trial court's dismissal of the § 1962(b) claim where the plaintiffs had failed "to demonstrate both the requisite predicate acts and the requisite relatedness of those acts.").

Plaintiff's RICO claim fails several of the above tests. Plaintiff has not pled the predicate acts with the requisite specificity. Furthermore, Plaintiff has not pled facts demonstrating the existence of an enterprise.

**B.     Plaintiff has not pled predicate acts of fraud with the requisite particularity.**

It is difficult, at best, to determine what acts Plaintiff considers to be the predicate act for RICO purposes, it appears to be some type of alleged "defrauding". Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." FED. R. CIV. P. 9(b) (2005). Rule 9(b)

KLASS LAW FIRM, L.L.P.

requirements of heightened pleading apply to civil RICO claims alleging fraud based predicate acts. Rule 9(b) of the Federal Rules of Civil Procedure "'requires a plaintiff to allege with particularity the facts constituting the fraud.'" See *Independent Business Forms v. A-M Graphics*, 127 F.3d 698, 703 n.2 (8th Cir. 1997)). "'When pleading fraud, a plaintiff cannot simply make conclusory allegations.'" Id. (quoting *Roberts v. Francis*, 128 F.3d 647, 651 (8th Cir. 1997)). In *Commercial Property Inv., Inc. v. Quality Inns Int'l, Inc.*, 61F.3d 639, (8th Cir. 1995), the Eighth Circuit Court of Appeals explained: Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." "'Circumstances' include such matters as the time, place and content of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982), adhered to on reh'g, 710 F.2d 1361 (8th Cir.), cert. denied, 464 U.S. 1008, 104 S. Ct. 527, 78 L. Ed. 2d 710 (1983). Clearly, Plaintiff has not pled fraud with the required specificity as required by Federal Rule 9(b). Furthermore, to the extent the claim is for wire or mail-fraud, again not readily apparent from the Complaint, the "fraud" aspects of wire fraud or mail fraud must still be pled with particularity as required by Rule 9(b). When they are not, the RICO claim should be dismissed. *Murr Plumbing Inc. v. Scherer Brothers Financial Service Co.*, 48 F.3rd 1066, 1069 (8th Cir. 1995).

KLASS LAW FIRM, L.L.P.

**C. Plaintiff has not adequately pled the "Enterprise" element.**

Federal RICO involves something more than garden-variety fraud — even repeated garden-variety fraud. Accordingly, the law requires that illegal activity have been conducted through an "enterprise." 18 U.S.C. § 1962(c). An enterprise may be an "association in fact," but it must have a "distinct structure" apart from the racketeering itself. *Davies* v. *Genesis Medical Center*, 994 F.Supp. 1078, 1088 (S.D. Iowa 1998). "The enterprise is not the pattern of racketeering activity …. Rather, the enterprise must have a common or shared purpose, some continuity of personnel, and an ascertainable structure distinct from the pattern of racketeering" *Asa-Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 752 (8th Cir. 2003). In this case, Plaintiff has completely failed to define an enterprise. Plaintiff states only that Defendant is an Enterprise as that term is defined in 18 U.S.C. sec. 1961 and is engaged in activities that affect interstate commerce. See Complaint para. 20. This is just a boilerplate legal conclusion Where is the enterprise? Plaintiff has not alleged any facts supporting the existence on an enterprise separate and apart from the alleged racketeering itself -- to the extent that the alleged racketeering is even pled.

Under RICO, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The enterprise must be distinct from the person named as the RICO defendant. See *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 995 (8th Cir. 1989). Moreover, the enterprise must be distinct from the alleged

KLASS LAW FIRM, L.L.P.

6

pattern of racketeering activity. Id. In other words, as the Supreme Court explained in *United States v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 2528-29, 69 L.Ed. 2d 246 (1981), an enterprise is not established merely by proof of a series of racketeering acts. Instead, an enterprise must exhibit three characteristics: "(1) a common or shared purpose; (2) some continuity of structure and personnel; and (3) an ascertainable structure distinct from that inherent in a pattern of racketeering." see also United States v. Lee, 374 F.3d 637, 647 (8th Cir. 2004) (noting that three elements must be proven to show that a RICO enterprise existed: "(1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering.") (citing *United States v. Kragness*, 830 F.2d 842, 855 (8th Cir. 1987)); *U.S. v. Kehoe*, 310 F.3d 579, 586 (8th Cir. 2002) (discussing how a RICO enterprise is distinguishable from "individuals who associate [to commit] sporadic crime.") (citing *Kragness*, 830 F.2d 842, 855 (8th Cir. 1987)); *U.S. v. Keltner*, 147 F.3d 662, 668 (8th Cir. 1998) (citing elements of a cognizable RICO enterprise).

In *McDonough v. National Home ins. Co.*, 108 F.3d 174 (8th Cir. 1997), the Eighth Circuit upheld the dismissal of a complaint alleging that the defendants had violated RICO through a series of fraudulent home sales to the plaintiffs. The court noted that the plaintiffs had failed to allege "the existence of a structure distinct from the minimal association necessary to defraud the plaintiffs into buying the defective land and homes." *Id.* at 177. The complaint here suffers from even more significant defects. There is no allegation of a distinct structure constituting the enterprise — just a bare legal conclusion that the defendants

KLASS LAW FIRM, L.L.P.

"participated in" an enterprise. Dismissal of the RICO claim is required on this ground as well.

WHEREFORE Defendant respectfully prays that Count III of Plaintiff's Complaint (RICO Count) be dismissed with prejudice.

Respectfully submitted,

_____
Timothy A. Clausen    # 19680
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
P. O. Box 327
Sioux City, IA 51102
712/252-1866
712/252-5822 fax
clausen@klasslaw.com
ATTORNEYS FOR DEFENDANT
WILLIAMS & COMPANY CONSULTING, INC.

Copy to:

David E. Pavel
1190 Omaha Tower
2120 So. 72nd Street
Omaha, NE 68124

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on __3/23__, 2006
By: _X_ U.S. Mail          ___ facsimile
    ___ Hand delivered     ___ Overnight courier
    ___ Other _____       ___ ECF

Signature _____