```
                                               FILED
                                          U.S. DISTRICT COURT
    IN THE UNITED STATES DISTRICT COURT   DISTRICT OF NEBRASKA
         FOR THE DISTRICT OF NEBRASKA
                                            06 APR -6 PM 1:50

                                            OFFICE OF THE CLERK
```

| | |
|---|---|
| LARRY GOOD & ASSOCIATES, INC.,<br>d/b/a P.I. MIIDWEST<br>a Nebraska Corporation, | NO: 8:06-CV-280 |
| Plaintiff, | |
| | **PLAINTIFF'S BRIEF IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO DISMISS** |
| WILLIAMS AND COMPANY CONSULTING, INC., an Iowa Corporation and Does 1-20, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff's Brief in Support of its Motion to Dismiss, conveniently ignores several key allegations contained in Plaintiff's Complaint. To begin with, as contained in Paragraph 2 of the General Allegations, Defendant, Williams and Company Consulting, Inc. is stated to be an Iowa corporation, that does business in the State of Nebraska. Actually, upon the information and belief, Williams and Company does business in Nebraska, Iowa, South Dakota, Minnesota and other states, but Nebraska was the only jurisdiction location necessary to bring the original complaint in the District Court of Douglas County, Nebraska.

Furthermore, in Paragraph 3 of Plaintiff's complaint, Plaintiff includes the Defendants' Does 1 through 20. It is alleged, that when the true names and capacities of these Defendants' are determined that the Defendants will be expanded to allege their true name and capacities.

RECEIVED

APR 0 6 2006

CLERK
U.S. DISTRICT COURT
OMAHA

It is further alleged that such John Does were affiliated with the Defendant, Williams and Company in some manner and responsible for the occurrences alleged.

Furthermore, as alleged in Paragraph 20 of Plaintiff's Complaint, the Defendant, being an Iowa corporation, is an Enterprise as defined in 18 U.S.C §1961 (4) and it is engaged in the business of sales and furnishings of accounting and counseling services. Also, please note that the third cause of action involving the RICO allegations incorporates all previous allegations, including the foregoing, in such cause of action.

## II.   ANALYSIS OF DEFENDANT'S ARGUMENTS.

### A.   RICO in general.

Since this matter is just under way, there is much about the alleged activities involving the individuals affiliated with Williams and Company that is unknown at this time, since such knowledge is within the exclusive purview of the Defendants. Due to the "form pleading" type of thinking the Defendant is asserting should be applied, it is requesting that Plaintiff's Complaint should be dismissed on its face even before discovery has been realized and a trial on this matter has been had. Granted, the specific Sub-sections of 18 U.S.C. §1962 have not been alleged, since such categorization will depend upon who specifically the individuals were who have been affiliated with Williams and Company and have been performing the acts complained of. Plaintiffs have suspicion and beliefs of certain activities, but the true nature, extent and scope of same will not be "flushed out" so to speak until discovery is complete. For the Defendants to prevail at this preliminary stage on the basis of the pleadings alone, it is respectfully submitted, seems to be a throwback to the old type of "form pleadings" which the Federal and State Courts have long since abandoned.

When the specific individuals are known, who performed the acts alleged, then the specific Sub-paragraphs of 18 U.S.C. §1962 can be set forth with specific particularity.

It is respectfully submitted that Plaintiff has alleged facts necessary to go forward with this lawsuit at this stage and put Defendants on notice of the general RICO claim. Further, for the Defendant to take the position that the Plaintiff has not pled facts demonstrating an Enterprise, ignores the clear and unambiguous language of Plaintiff's Petition stated above.

### B.   FRAUD IS NOT EVEN AT ISSUE RATHER THEFT (CONVERSION) IS.

Plaintiff's entire argument in this section ignores the fact that the criminal activities complained of is the converting of and taking of Plaintiff's property rights. In other words, theft. Fraud is not the issue in this case. While the word "defraud" was used in conjunction with conversion language, the thrust of this action is not fraud, but theft. An unstrained reading of the conversion cause of action could lead one to no other conclusion. Defendant is merely trying to shoehorn an issue into a set of facts that has no substance or reality in Plaintiff's Petition.

### C.   PLAINTIFF HAS ADEQUATELY PLED THE "ENTERPRISE" ELEMENT.

Defendant has pled the "Enterprise" element. 18 U.S.C. §1961 (4) defines Enterprise as, "including any individual, partnership, corporation, association"...(emphasis supplied). Plaintiff has alleged that Defendant, Williams and Company is an Iowa corporation engaged in business. Specifically it is engaged in the

3

consulting and accounting business (see paragraph 2, 3 and 20). Furthermore, it has alleged that there are John Does 1 through 20 who are associated with the Enterprise who were responsible for some or all of the wrongful, criminal conversion acts alleged.

Under the foregoing definition, a corporation can be an Enterprise. The John Does alleged by Plaintiff are affiliated with the Defendant. By its very nature, a corporation can be a structure distinct from the inherent provider of racketeering activities. By its very nature, a corporation is an ongoing organization with members functioning as a continuing unit. By its very nature, this corporation can be distinct from the pattern of conversion or theft of Plaintiff's property, since it is in the business of consulting and accounting, as alleged. See Asa-*Brandt, Inc. v. ADM Investor Services, Inc.* 344 F.3d 738, 752 (8th Cir. 2003), *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 995 (8th Cir. 1989) and *United States v. Lee*, 4374 F.3d 637, 647 (8th Cir. 2004). In fact, as the Court discussed in Atlas Pile Driving *supra,* in such case that Enterprise had participants who sold real estate, loaned money and developed property, performed sub-contracting, worked and build single family residents, apart from the criminal activities complained of. We have the same situation here. Williams and Company is an Iowa corporation, with the John Does being alleged as individuals affiliated with such corporation and was engaged in the consulting and accounting business. It is respectfully submitted that such normal consulting and accounting business of Williams and Company is separate and apart from the taking and converting of Plaintiff's property, which is the criminal activity complained of.

4

WHEREFORE, Plaintiff prays that Defendant's Motion to Dismiss the RICO Claim be overruled and that this Defendant be required to answer otherwise plead in this matter.

Dated this 6th day of April, 2006.

Respectfully submitted,

LARRY GOOD & ASSOCIATES, INC., d/b/a
P.I. MIDWEST, a Nebraska Corporation,
Plaintiff

By: s/ David E. Pavel
David E. Pavel, #13238
1190 Omaha Tower
2120 South 72 Street
Omaha, NE 68124
Phone: (402)-895-7779
Fax:    (402) 392-0099

## CERTIFICATE OF SERVICE

The Undersigned hereby certifies that a true and exact copy of the above and foregoing was sent by regular United States mail, postage prepaid, this 6th day of April 2006, to:

Timothy A. Clausen
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
P.O. Box 327
Sioux City, IA 51102

5