IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY GOOD & ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV280 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAMS AND COMPANY CONSULTING and DOES 1-20, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Williams and Company Consulting's (hereinafter the Company) amended motion to dismiss, Filing No. 10. The Company contends that the plaintiff has failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. Accordingly, the Company asks this court to dismiss count III of the complaint. The plaintiff disagrees contending that it has adequately pleaded its RICO claim in this case. In the alternative, the plaintiff asks permission to amend its complaint.

The Company is a successor in interest to Williams & Company. The plaintiff and the Company, as successor in interest, entered into a licensee agreement (Client Agreement) wherein the plaintiff allowed the Company to use its management training system, known as Predictive Index System. The plaintiff contends that the Company wrongfully allowed others, not clients, to use the training system. The plaintiff filed suit under RICO, and for breach of contact, conversion and for an accounting.

The complaint alleges that the Company is an enterprise that used the mails and interstate commerce to convert and defraud the plaintiff of its property. The Company

urges that it is not an "enterprise" under 18 U.S.C. § 1961. The Company also contends that the plaintiff has not pled the required predicate acts of fraud with particularity and that the plaintiff has not adequately pled the required enterprise element. The plaintiff counters arguing that it has alleged the Company is a corporation that is in the business of providing consulting and accounting services that has converted property of the plaintiff separate and apart from its normal business practices.

In reviewing a motion to dismiss a complaint, the court must accept as true, the factual allegations of the complaint. *Anza v. Ideal Steel Supply Corp.*, _U.S. _, 126 S. Ct. 1991, 1994 (2006). In order to make a claim under RICO, the plaintiff must show a pattern of racketeering activity and an enterprise engaged in interstate commerce. 18 U.S.C. § 1962(a), (b), (c), or (d); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 232-33 (1989). The Supreme Court has recently stated:

> The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (2000 ed. and Supp. III), prohibits certain conduct involving a "pattern of racketeering activity," 18 U.S.C. § 1962 (2000 ed.) . . . [and makes] a private right of action, available to "[a]ny person injured in his business or property by reason of a violation" of [RICO's] substantive restrictions, § 1964(c).

*Anza*, 126 S. Ct. at 1994. The Supreme Court further declared:

> Section 1962(c) . . . forbids conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity. The Court has indicated the compensable injury flowing from a violation of that provision "necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise."

*Id.* at 1996, quoting *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 497 (1985).

The court must keep in mind that Congress enacted RICO because of its concern with long-term criminal behavior. *Gamboa v. Velez*, 457 F.3d 703, 709 (7th Cir. 2006). The Company must allege a pattern of racketeering activity to show continuing activities and distinct schemes in excess of a single injury, which is more than garden variety fraud. "The determination of a pattern of racketeering activity is a factual determination." *Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank,* 934 F.2d 976, 980 (8th Cir. 1991). "The specific facts of each case must be examined to determine whether the predicate acts relied upon by the plaintiff establish a threat of continuing racketeering activity." (*quoting Sutherland v. O'Malley*, 882 F.2d 1196, 1204 (7th Cir. 1989) *Id.* Where a fraudulent scheme inflicts or threatens only a single injury, "we continue to doubt that Congress intended to make the availability of treble damages and augmented criminal sanctions" depend on whether the scheme enjoyed immediate success or took a period of time to meet with success. *Id.*, *quoting Marshall-Silver Constr. Co. v. Mendel*, 894 F.2d 593, 597 (3rd Cir. 1990) (noting that "virtually every garden-variety fraud is accomplished through a series of wire or mail fraud acts that are 'related' by purpose and are spread over a period of at least several months"). *Id.* "Given its 'natural and common sense approach to RICO's pattern element,' we think it unlikely that Congress intended RICO to apply in the absence of a more significant societal threat." *Id. Deviries v. Prudential-Bache Securities, Inc.,* 805 F.2d 326, 329 (8th Cir. 1986) (one scheme to obtain excessive commissions deemed not to state a RICO claim, as no true pattern of related but distinct schemes of fraud existed); *see also Woodruff v. Merrill Lynch*, 704 F. Supp. 181, 186 (D. Neb. 1989) (same). Injury resulting from mere subdivisions of one fraudulent scheme is not sufficient to form a pattern of racketeering activity. *Madden v. Gluck*, 815 F.2d 1163, 1163 (8th Cir.

1987).  The allegation of the criminal enterprise must differ from allegations of the pattern of racketeering activity.  *United States v. Turkette,* 452 U.S. 576, 583 (1981); *McDonough v. National Home Ins. Co.*, 108 F.3d 174 (8th Cir, 1997); *Kearney v. Dimanna*, 2006 WL 2501414 (10th Cir. August 30, 2006).  The plaintiff must show continuity of criminal harm.  *Gamboa*, 457 F.3d at 705.  The actions complained of must pose a threat of continued criminal activity.  *Thornton v. First Bank of Joplin*, 4 F.3d 650, 652 (8th Cir. 1993) (motion to dismiss granted where plaintiff failed to allege racketeering predicates posed a threat of continued criminal activity).  A corporation cannot simultaneously be a person and an enterprise.  *Umstead v. Durham Hosiery Mills, Inc.*, 592 F. Supp. 1269 ( D.C. N.C. 1984); *Constitution Bank v. DiMarco*, 815 F. Supp. 154 (D.C. Pa. 1993).  Further, the Company must show a pattern of activity that results in more than a single injury.

To state a claim under RICO, the plaintiff must plead that the Company violated the Act and such violation resulted in injury to the plaintiff.  The complaint must allege conduct of an enterprise through a pattern of racketeering activity.  *Sedima*, 437 U.S. at 498.  The plaintiff has failed to plead the specific activities required under 18 U.S.C. § 1962, failed to allege any conspiracy theory, failed to plead the two predicate acts, and failed to adequately plead the enterprise requirement.  Further, it appears that the plaintiff, either directly or indirectly, has pleaded that the Company is both the person and the enterprise.  Does 1-20 are listed in the caption, but no allegations are made as to their specific roles in the alleged enterprise.

The plaintiff's complaint does not allege any scheme to defraud others nor does it allege a threat of continued fraudulent activity. The plaintiff, in its brief, argues that "theft" will be at issue in this lawsuit.  However, such an allegation is not part of the complaint.

4

The alleged predicate acts are the Company's use of the mails and telephone to defraud. Viewing the complaint in the light most favorable to the plaintiff, this case involves, at most, a plan to defraud a single company in connection with a single contract. As noted above, a single transaction which involves only one victim and takes place over a short period of time does not constitute the pattern of racketeering required for long-term criminal activity under a RICO claim. The plaintiff has failed to adequately allege a pattern of racketeering under 18 U.S.C. § 1962, has failed to properly plead the enterprise element and the specific activities required to support a racketeering claim, and has failed to show a continued criminal activity. Consequently, the court will grant the motion to dismiss count III, the RICO cause of action. The plaintiff has requested leave to amend. The court will grant this request, although the court is very doubtful that the plaintiff can adequately plead a RICO claim based on the facts that have been presented in this case.

THEREFORE, IT IS ORDERED that the Company's amended motion to dismiss count III, the RICO cause of action, Filing No. 10, is granted. The plaintiff shall have fourteen days from the date of this order to amend its complaint, if it so chooses, to fulfill the pleading requirements of a RICO claim. The Company shall have twenty days from the date of this order or from the date of the new amended complaint, whichever occurs first, to file an appropriate motion or answer.

DATED this 9th day of November, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge