IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY GOOD & ASSOCIATES, INC., ) ) | |
| Plaintiff, ) ) | 8:06CV280 |
| v. ) ) | |
| WILLIAMS AND COMPANY ) CONSULTING, INC., ) ) | REPORT AND RECOMMENDATION |
| Defendant. ) | |

This matter is before the undersigned magistrate judge *sua sponte*. The undersigned magistrate judge entered an order requiring the plaintiff to show cause why this action should not be dismissed pursuant to NECivR 41.1. **See** Filing No. 16. The plaintiff did not file a response. For the reasons set forth below, the undersigned magistrate judge will recommend the plaintiff's complaint be dismissed without prejudice.

**BACKGROUND**

The record reveals that this case was removed from the District Court of Douglas County, Nebraska on March 23, 2006. **See** Filing No. 1. On that date, the defendant filed a motion to dismiss. **See** Filing Nos. 3, 9 & 10. On November 9, 2006, the court granted the defendant's motion to dismiss Count III and gave the plaintiff fourteen days to amend its complaint, if the plaintiff chose to amend based on the reasoning in the court's order. **See** Filing No. 13. Further, the court stated the defendant had "twenty days from the date of [the November 9, 2006 order] or from the date of the new amended complaint, whichever occurs first, to file an appropriate motion or answer." *Id.* p. 5. On November 20, 2006, the plaintiff sought an extension of time to file an amended complaint. **See** Filing No. 14. The court granted the plaintiff an extension until December 4, 2006, to file an amended complaint. **See** Filing No. 15. To date neither has the plaintiff filed an amended complaint, nor has the defendant filed an answer. On January 5, 2007, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why this action should not be

dismissed for failure to prosecute with reasonable diligence. **See** Filing No. 16. The plaintiff did not respond to the order.

## ANALYSIS

Pursuant to NECivR 41.1: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." It remains the plaintiff's duty to go forward in prosecuting the case. In this case, the plaintiff may, for example, seek leave to file an amended complaint out of time or move for a clerk's entry of default. The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See *Roberts v. Missouri Div. Of Employment***, 636 F.2d 249, 250 (8th Cir. 1980). The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

***Hunt v. City of Minneapolis***, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." ***Hunt***, 203 F.3d at 527-28. However, the Eighth Circuit has also ruled that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." ***In re Popkin & Stern***, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." ***Sanders v. Merry-Go-Round Enters., Inc.***, 1993 WL 23597, at *2 (D. Minn. Jan. 29, 1993) (**quoting *Wright v. Sargent***, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, the plaintiff has failed to diligently prosecute the defendant or to comply with court orders. The plaintiff has provided the court with no explanation for the failures. The plaintiff has not complied with the court's order to show cause why the action should not be dismissed. The plaintiff has acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiff's failure to prosecute this action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's complaint be dismissed without prejudice pursuant to NECivR 41.1.

### ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 18th day of January, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge