# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LARRY GOOD & ASSOCIATES INC.,** | ) | |
| | ) | 8:06CV280 |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | SETTING FINAL SCHEDULE |
| | ) | FOR PROGRESSION OF CASE |
| **WILLIAMS & CO. CONSULTING INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court following a telephone conference cal with counsel on April 25, 2007. David E. Pavel represented the plaintiff and Timothy A. Clausen represented the defendant. Subsequent to the undersigned magistrate judge's Report and Recommendation (Filing No. 17), the defendant filed an answer (Filing No. 18). The plaintiff's objection (Filing No. 19) to the Report and Recommendation was considered by Chief Judge Bataillon and refereed to the undersigned magistrate judge. during the telephone conference, the plaintiff's counsel represented there were no plans to further amend the complaint and both counsel agreed the matter could be progressed to trial. Accordingly, the Report and Recommendation (Filing No. 17) is rescinded, the objection (Filing No. 19) is sustained, and the matter will be progressed to trial as set forth below. the parties' telephone planning conference shall substitute for a Rule 26(f) report and no further report need be filed absent further order of the court.

**IT IS ORDERED:**

1. **Mandatory Disclosures** described in Fed. R. Civ. P. 26(a)(1) shall be served by **May 15, 2007**.

2. The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served. **Note: Disclosures that are filed should be redacted so no**

**personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

  3. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about <u>each</u> such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

  4. **Limits on Discovery.** Each party is limited to serving **fifty (50)** interrogatories on any other party. The plaintiff and the defendant are each limited to taking **fifteen (15)** depositions in this case, without leave of court.

  5. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **September 24, 2007**. **See** NECivR 56.1 and 7.1.

  6. **Discovery Deadlines.**

    **a.** **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **October 19, 2007.**

    **b.** **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before the deposition deadline. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

    **c.** **Discovery Motions.** Discovery motions shall be filed not later than **September 20, 2007**, as to matters which are then ripe for decision;

discovery matters arising after that date may be the subject of motions until the deposition deadline.  Counsel are reminded of the provisions of NECivR 7.1(i).

7. **Disclosure of Expert Witnesses.**[1]  Each plaintiff shall, as soon as practicable but not later than sixty (60) days prior to the date set for the completion of depositions, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence.  Each defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than thirty (30) days prior to the date set for the completion of depositions.  If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  <u>The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.</u>

8. **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

---

[1]  A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

**a.     Nonexpert Witnesses - On or before September 7, 2007:**
The name, address and telephone number[2] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

**b.     Deposition Testimony and Discovery -** In accordance with NEGenR 1.1(c), unless otherwise ordered, the requirement of NECivR 16.2(a)(2)(F), of designating discovery intended to be utilized at trial, is suspended for this case; motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

**c.     Trial Exhibits - On or before January 3, 2008:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**d.     Waiver of Objections**: Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, <u>including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial</u> shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

9.     **Motions in Limine.**  Any motions *in limine* shall be filed on or before **January 10, 2008**.

10.    **The Final Pretrial Conference** with the undersigned magistrate judge is set for **January 14, 2008 at 1:00 p.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior

---

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties

to the pretrial conference, all items as directed in NECivR 16.2.[3] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. <u>Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

11. **Settlement.**

    **a.** Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal. Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

    **b.** In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of the magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

    **c.** Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. <u>If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may -- and normally will -- be made against a party and/or counsel for one or more of the parties. For</u>

---

[3] Except as noted above in Paragraph 4(b). Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

12. **Trial** is set to commence, at the court's call, during the week of **February 18, 2008**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon.

13. **Motions to alter dates.** All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 26th day of April, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge