IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY GOOD & ASSOCIATES, INC., D/B/A P.I. MIDWEST, A NEBRASKA CORPORATION,<br><br>Plaintiff,<br>vs.<br><br>WILLIAMS AND COMPANY CONSULTING, INC., AN IOWA CORPORATION<br><br>Defendant. | NO. 8:06-cv-280<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE EVIDENCE AND WITNESSES PURSUANT TO RULE 37 (b) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

COMES NOW Defendant Williams & Company Consulting, Inc. and pursuant to NECivR 7.1 (a)(1) and hereby submits the following brief in support of its Motion to Exclude Evidence and Witnesses pursuant to Rule 37 (b) of the Federal Rules of Civil Procedure.

### I. FACTUAL BACKGROUND

The plaintiff filed this action against the Defendant on February 15, 2006. (Complaint). The Defendant filed an answer on January 29, 2007. (Answer).

This matter came before the court on April 25, 2007, via telephone for the mandatory pre-trial planning conference under Rule 26 (f) of the Federal Rules of Civil Procedure. (Order Setting Progression, hereinafter the "Order). The Order Setting the Final Schedule for Progression of this case was entered on April 26, 2007. (Order). The Order addressed mandatory disclosure of exhibits, witnesses and documents related to this case pursuant to Rule 26 (f). (Order). The Order also set trial for February 18, 2008. (Order).

KLASS LAW FIRM, L.L.P.

1

## II. ARGUMENT

Federal Rule of Civil Procedure 37 (hereinafter Rule 37) contains the mechanisms for enforcing the provisions of the discovery rules set forth in Rule 26 by imposing sanctions on parties who violate the Rules. See Rule 37. Ordinarily, obtaining sanctions is a two-step process in which a party must first obtain an order compelling discovery under Rule 37 (a), then move for sanctions under Rule 37 (b) for failure to comply with the order. If, however, the responding party fails to respond to or obey a court order regarding discovery, the sanctions listed in Rule 37 (b) may become available to the offended party. See *Nike Inc. v. Wolverine World Wide*, Inc., 43 F.3d 644, (Fed.Cir.1994). The order in question may be pursuant to a motion to compel under Rule 37(a) or may be issued in a discovery conference under Rule 26(f). *Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126, 127 (D.Md.2002). Rule 37 (b) (2) lists specific categories of sanctions that may be imposed by the court where the action is pending on a party who fails to obey an order to permit or provide discovery. *United States v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th.Cir.2006). The court has broad discretion to impose any sanction or combination of sanctions it deems appropriate. See *McDowell v. Government of Dist. Of Columbia*, 233 F.R.D. 192, 200-01 (D.D.C.2006) (the sanctions must be appropriate to the offense).

In the present case, an Order setting progression of the case was filed pursuant to Rule 26 (f). (Order). The plaintiff was to serve the mandatory disclosures described in Fed. R. Civ. P. 26 (a) (1) by May 15, 2007. (Order, paragraph 1). Furthermore, the plaintiff was ordered, as soon as practicable but not later than sixty (60) days prior to the date set for completion of depositions, serve all parties with the statement required by Fed. R. Civ. P. 26(a) (2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. (Order, paragraph 7). In

KLASS LAW FIRM, L.L.P.

2

addition, the plaintiff, pursuant to Fed. Re. Civ. P. 26 (a) (3), was to serve the defendant and promptly file with the Court; (A) on or before September 7, 2007, the names of each witness the plaintiff expected to present at trial; and (C) on or before January 3, 2008, an appropriate identification of each document or other exhibit the party expects to offer at trial and those which the party may offer if the need arises. (Order, paragraph 8).

The plaintiff has not served any of the mandatory disclosures on the Defendant as described in Fed.R.Civ.P. 26(a) (1) and as set forth in Paragraph 1 of the Order. (Affidavit of Tim Clausen). The plaintiff has not served the defendant the statement required by Fed.R.Civ.P. 26 (a) (2), as set forth in Paragraph 7 of the Order regarding expert witnesses. (Affidavit of Tim Clausen). Furthermore, the plaintiff has not served the defendant the lists of non-expert witnesses, and a list of trial exhibits as required by Paragraph 8 of the Order in any manner whatsoever. (Affidavit of Tim Clausen). Therefore, to date, the plaintiff has not complied with any aspect whatsoever of the Order regarding discovery disclosures filed in this case pursuant to Rule 26 (f). (Affidavit of Tim Clausen). The Defendant will suffer undue prejudice if the plaintiff is now allowed to submit any evidence through witness testimony and exhibits that have not been previously disclosed as required under the Order. (Affidavit of Tim Clausen). As such, the Court should issue an Order barring the plaintiff from introducing at trial or in a motion, any and all evidence, including but not limited to, documents, exhibits, information or witnesses not properly disclosed, including experts and expert reports or opinions. See *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739,745 (Fed.Cir.1997) (barring expert testimony submitted after due date for expert reports had passed). See also, *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 671-672 (7th.Cir.1996)(barring expert's testimony concerning the validity of a

standardized cognitive ability test when the party failed to disclose that there was an ongoing project to revise the test).

### III. CONCLUSION

The Defendant will experience substantial prejudice if the plaintiff is allowed to call witnesses and offer exhibits it had a duty to disclose under the Order but failed to do so. Therefore, the Court should enter an Order preventing the Plaintiff from submitting any and all evidence, at trial or through motion, in the form of exhibits and testimony because of its absolute failure to comply with the pre-trial Order setting case progression regarding disclosure of evidentiary materials.

Respectfully submitted,

*[signature]*

Timothy A. Clausen
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
712/252-1866
712/252-5822 fax
clausen@klasslaw.com
WWW.KLASSLAW.COM

ATTORNEYS FOR DEFENDANT
WILLIAMS & COMPANY CONSULTING, INC.

Copy to:

David E. Pavel
1190 Omaha Tower
2120 So. 72nd Street
Omaha, NE  68124

KLASS LAW FIRM, L.L.P.

4

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on ___1/4___, 2008

By: _X_ U.S. Mail   ___ facsimile
    ___ Hand delivered   ___ Overnight courier
    ___ Other _____   ___ ECF

Signature _____