IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY GOOD & ASSOCIATES, INC., D/B/A P.I. MIDWEST, A NEBRASKA CORPORATION,<br><br>Plaintiff,<br>vs.<br><br>WILLIAMS AND COMPANY CONSULTING, INC., AN IOWA CORPORATION<br><br>Defendant. | NO. 8:06-cv-280<br><br>**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE AND WITNESSES PURSUANT TO RULE 37 (c) (1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

COMES NOW Defendant Williams & Company Consulting, Inc. and moves the Court to exclude certain evidence and testimony pursuant to Fed.R.Civ.P. 37 (c). In support of its Motion, Defendant states as follows:

1. Under Fed.R.Civ.P. 26, all parties are required to take part in extensive pretrial discovery. Rule 26 also requires disclosure of the names and contact information of all witnesses and identification of all documents or exhibits that will be offered at trial. Fed.R.Civ.P. 26(a)(3)(A), (C). Additionally, Rule 26 imposes a duty to supplement disclosures "at appropriate intervals" or amend disclosures "seasonably" if the party learns the information he has disclosed is incomplete or incorrect. Fed.R.Civ.P. 26 (e).

2. There is a trial date of February 18, 2008 in this matter. As of the date of this motion, the plaintiff has not made any of the automatic disclosures required of it under Rule 26 (a).

3. To the extent that Plaintiff might now attempt to submit evidence that had not been previously produced as required by the Federal Rules of Civil Procedure the plaintiff should be precluded from submitting any and all evidence whether in the form of testimony,

KLASS LAW FIRM, L.L.P.

documents, exhibits or in any manner whatsoever based upon the prejudicial affect it would have upon the Defendant's trial preparation and ability to fairly respond to the Plaintiff's claims.

WHEREFORE, Defendant Williams & Company Consulting, Inc. respectfully prays for an Order preventing the Plaintiff from introducing any evidence, at trial or through a motion, in the form of exhibits and testimony, in any manner whatsoever. Only through that sanction can the Court eliminate substantial prejudice to the Defendant and prevent the Plaintiff from benefiting from the failure to disclose discovery as required under Rule 26 (a).

Respectfully submitted,

Timothy A. Clausen
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106
712/252-1866
712/252-5822 fax
clausen@klasslaw.com
WWW.KLASSLAW.COM

ATTORNEYS FOR DEFENDANT
WILLIAMS & COMPANY CONSULTING, INC.

Copy to:

David E. Pavel
1190 Omaha Tower
2120 So. 72nd Street
Omaha, NE 68124

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on ___1/4___, 2008
By: _X_ U.S. Mail   ___ facsimile
    ___ Hand delivered   ___ Overnight courier
    ___ Other ___   ___ ECF

Signature _____

KLASS LAW FIRM, L.L.P.