IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY GOOD & ASSOCIATES, INC., D/B/A P.I. MIDWEST, A NEBRASKA CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAMS AND COMPANY CONSULTING, INC., AN IOWA CORPORATION<br><br>Defendant. | NO. 8:06-cv-280<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE EVIDENCE AND WITNESSES PURSUANT TO RULE 37 (c) (1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

COMES NOW Defendant Williams & Company Consulting, Inc. and pursuant to NECivR 7.1 (a)(1) and hereby submits the following brief in support of its Motion to Exclude Evidence and Witnesses pursuant to Rule 37 (c) (1) of the Federal Rules of Civil Procedure.

### I. FACTUAL BACKGROUND

The plaintiff filed this action against the Defendant on February 15, 2006. (Complaint). The Defendant filed an answer on January 29, 2007. (Answer).

This matter came before the court on April 25, 2007, via telephone for the mandatory pre-trial planning conference under Rule 26 (f) of the Federal Rules of Civil Procedure. (Order Setting Progression, hereinafter the "Order). The Order Setting the Final Schedule for Progression of this case was entered on April 26, 2007. (Order). The Order addressed mandatory disclosure of exhibits, witnesses and documents related to this case pursuant to Rule 26 (f). (Order). The Order also set trial for February 18, 2008. (Order).

KLASS LAW FIRM, L.L.P.

1

## II. ARGUMENT

Under Fed.R.Civ.P. 26, all parties are required to take part in extensive pretrial discovery. Early in discovery, *"without awaiting a discovery request,"* parties "must ... provide to other parties" name and contact information of any person who might have discoverable information to support their claims or defenses and all documents or tangible things that the party may use to support its claims or defenses, along with other disclosures. Fed.R.Civ.P. 26(a) (1) (emphasis added). Closer to trial, Rule 26 also requires disclosure of the names and contact information of all witnesses and identification of all documents or exhibits that will be offered at trial. See Fed.R.Civ.P. 26(a) (3) (A), (C). Additionally, Rule 26 imposes a duty to supplement disclosures "at appropriate intervals" or amend disclosures "seasonably" if the party learns the information he has disclosed is incomplete or incorrect. See Fed.R.Civ.P. 26 (e).

Under Rule 37 (c)(1), a party that fails without substantial justification to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior discovery response as required by Rule 26(e)(2), is not permitted to use that information as evidence at trial. Fed.R.Civ.P. 37(c) (1). The only exception to this rule is where the failure to disclose is harmless. *Id.* See *Sommer v. Davis*, 317 F.3d 686, 692 (6th.Cir.2003) (harmless involves an honest mistake on the part of the party coupled with sufficient knowledge on the party of the other party).

The Defendant seeks to exclude any and all of the plaintiff's potential evidence at trial or motion of this matter based upon the plaintiff's failure to properly disclose any of the information required by Rule 26 (a). To date the plaintiff has not complied with any aspect whatsoever regarding mandatory discovery disclosures required under Fed.R.Civ.P. 26(a) (1). (Affidavit of Tim Clausen). The plaintiff has also not disclosed the names and contact

KLASS LAW FIRM, L.L.P.

2

information of all witnesses and identification of all documents or exhibits that will be offered at trial as required by Fed.R.Civ.P. 26(a) (3) (A), (C). (Affidavit of Tim Clausen). Furthermore, the plaintiff has not provided to the Defendant the identity of any potential experts and has not provided any expert opinions or reports as required by Fed.R.Civ.P. 26(a) (2) (A), (B). (Affidavit of Tim Clausen). As such, the plaintiff can hardly contend that the defendant has sufficient knowledge of relevant and discoverable information regarding the plaintiff's case as required under Rule 26. Moreover, there is no evidence in the present case that suggests that the plaintiff's failure to disclose the mandatory information under Rule 26 (a) was the result of an honest mistake. Therefore, the plaintiff cannot meet its burden to justify its non-compliance with the mandatory discovery Rules found in Rule 26. *See Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 983 (6th.Cir.2004) (the exclusion of undisclosed evidence is automatic and mandatory unless the non-disclosure was "justified" or "harmless").

The Defendant will suffer undue prejudice if the plaintiff is now allowed to submit any evidence through witness testimony and exhibits that have not been previously disclosed as required under the automatic disclosures required by Rule 26 (a). (Affidavit of Tim Clausen). As such, the Court should issue an Order barring the plaintiff from introducing at trial or in a motion any and all evidence, including but not limited to, documents, exhibits, information or witnesses not properly disclosed, including experts and expert reports or opinions because of plaintiffs failure to make *any* disclosures. See *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739,745 (Fed.Cir.1997) (barring expert testimony submitted after due date for expert reports had passed). See also, *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, (1st.Cir.2001) (mandatory preclusion is the required sanction in the ordinary case).

KLASS LAW FIRM, L.L.P.

3

## III. CONCLUSION

Defendant now seeks to prevent the Plaintiff from coming forward on the eve of trial and attempting to introduce evidence, exhibits and testimony that have not been previously disclosed by the plaintiff as required under Rule 26 (a). The appropriate sanction at this stage of the proceeding is to prevent the Plaintiff from introducing *all* evidence, in the form of exhibits, documents, information, or witness testimony at trial or motion. Therefore, the Court should enter an Order preventing the Plaintiff from submitting any and all evidence, at trial or through motion, in the form of exhibits and testimony because of its absolute failure to comply with Rule 26(a). Only through that sanction can the Court eliminate substantial prejudice to the Defendant and prevent Plaintiff from benefiting from the failure to properly disclose evidence as required under the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Timothy A. Clausen*
Timothy A. Clausen
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
712/252-1866
712/252-5822 fax
clausen@klasslaw.com
WWW.KLASSLAW.COM

ATTORNEYS FOR DEFENDANT
WILLIAMS & COMPANY CONSULTING, INC.

Copy to:

David E. Pavel
1190 Omaha Tower
2120 So. 72nd Street
Omaha, NE 68124

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on ___1/4___, 2008
By: _X_ U.S. Mail          ___ facsimile
    ___ Hand delivered     ___ Overnight courier
    ___ Other              ___ ECF

Signature _____

KLASS LAW FIRM, L.L.P.

5